MUDROCH and another, Respondents, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant.

*March 4—April 7, 1959.*

For the appellant there was a brief and oral argument by *Eugene Wengert,* attorney, and *Wallace H. Hahn, Jr.,* of counsel, both of Milwaukee.

For the respondents there was a brief by *Charlton, Yanisch, Binzak & Ritchay,* attorneys, and *Richard F. Yanisch* of counsel, all of Milwaukee, and oral argument by *Richard F. Yanisch.*

BROWN, J. The complaint clearly alleges that the principal on the bond has defaulted in performance for which the surety insured the obligees. It is equally clear that the obligees, the plaintiffs, thereby acquired a right of action on the bond against the surety.

The surety, defendant, contends that the complaint did not allege that certain procedural steps were taken in the settlement of the estates of Emilie Sander or of Emil F. Sander. We do not consider that the omission of such allegations in the complaint prevents the complaint from stating a cause of action.

The surety submits that the complaint shows on its face that the interval between the appointment of Sander as administrator in 1928 and his removal as such in 1957 is so great that there is laches which, as a matter of law, will defeat plaintiffs' action.

In our opinion the learned trial court correctly disposed of this contention:

"The defendant also contends that equity only aids the vigilant, and that the plaintiffs have slept on their rights. This may be a proper defense upon the action, but it does not appear from the face of the complaint that the failures on the part of the administrator were or should have been known to the plaintiffs herein so as to bar them, by equitable doctrine, from pursuing relief in this court."

We affirm the order overruling defendant's demurrer.

*By the Court,*—Order affirmed.